UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VALERO TITLE INC DBA VALERO TITLE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>RLI INSURANCE COMPANY AND TITLEPAC, INC<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ CASE NO.:<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446, Defendant RLI Insurance Company ("RLI"), with the express consent of Defendant TitlePac, Inc. ("TitlePac"), files this Notice of Removal for the above-captioned case, removing this case from the Harris County District Court to the United States District Court for the Southern District of Texas. In support thereof, RLI states as follows:

### BACKGROUND

1. Contempo Builder commenced a civil action against Valero Title Inc. (d/b/a Valero Title Company), captioned as *Contempo Builder v. Valero Title Inc. (d/b/a Valero Title Company*, Case No. 2017-80629. Thereafter, Valero Title filed a third-party petition against RLI Insurance Company and TitlePac, Inc. on October 12, 2018. A copy of the third-party petition is attached as Exhibit 1.

2. RLI thereafter filed a motion to sever, arguing that the claims against it and TitlePac should be severed from Contempo Builder's original action against Valero Title, Inc. pursuant to Texas Rules of Civil Procedure 38 and 51. The Harris County District Court granted that motion and severed the claims against RLI and TitlePac on January 10, 2019. The order granting

severance, with the pleadings to be filed in the severed cause relating to the third-party petition is attached as Exhibit 8.

## TIMELY NOTICE OF REMOVAL

3. RLI files this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4. RLI could not initially remove this action for two reasons. First, courts have held that a third-party defendant is not "defendants" within the meaning of § 1441(a). *BJB Co. v. Comp Air Leroi*, 148 F. Supp. 2d 751, 752-53 (N.D. Tex. 2001). Second, the original petition involved a dispute between two Texas residents, as Contempo Builder, a company domiciled in Texas, sued Valero Title, Inc., another company domiciled in Texas. Therefore, this Court lacked diversity jurisdiction when Valero Title, Inc. initially filed its third-party petition against RLI and TitlePac.

5. The Fifth Circuit has held that a third-party defendant may seek to sever the claims against it and then remove a case within thirty days of severance. *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970) (third-party defendant may remove case within thirty days of severance of claims against it). Consistent with *Central of Georgia*, RLI sought to sever the claims against it and the case became removable upon entry of that order. This notice is timely filed within 30 days of that severance order and thus, satisfies 28 U.S.C. § 1446(b)(3). *Id.*

## DIVERSITY JURISDICTION

6. RLI may remove this case pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." This Court has original jurisdiction over this dispute under

28 U.S.C. § 1332(a), which provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

7. Valero Title, Inc. is a citizen of the State of Texas for purposes of 28 U.S.C. § 1332, as it is a Texas Company with its principal place of business in Texas. (Exhibit 1, Third Party Petition, ¶ 1).

8. RLI is a corporation organized under the law of Illinois with its principal place of business located in Illinois. Thus, for purposes of 28 U.S.C. § 1332, RLI is a citizen of Illinois. (Exhibit 1, Third Party Petition, ¶ 2).

9. TitlePac is a corporation organized under the law of Oklahoma with its principal place of business located in Oklahoma. Thus, for purposes of 28 U.S.C. § 1332, TitlePac is a citizen of Oklahoma. (Exhibit 1, Third Party Petition, ¶ 3).

10. Accordingly, complete diversity of citizenship exists as Valero Title, Inc. is a corporation organized under the laws of the State of Texas with its principal place of business in the State of Texas, whereas neither RLI nor TitlePac are a citizen of the State of Texas.

11. In addition, the matter in controversy exceeds the sum or value of $75,000 as Valero Title, Inc. prays for damages in excess of $200,000.00. (Exhibit 1, Third Party Petition, ¶ 5).

**VENUE AND NOTICE OF REMOVAL**

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Texas is the district within which this lawsuit is pending (the Harris County District Court).

13. TitlePac consents to removal, as reflected in the Consent to Removal attached hereto as Exhibit F.

14. Contemporaneous with the filing of this Notice of Removal, RLI has given written

notice to Valero Title, Inc. and has filed a copy of this Notice of Removal with the Clerk of the Harris County District Court, as well as a Notice of Filing the Notice for Removal.

15. By filing this Notice of Removal, RLI does not waive any rights or defenses, and expressly reserves all rights and defenses that it may have with respect to Valero Title, Inc.'s action.

16. Pursuant to Local Rule 81, the following documents are attached as Exhibits:

A. All executed process in the case with respect to RLI (Return of Citation);

B. All executed process in the case with respect to TitlePac (Return of Citation);

C. State Court docket sheet for Severed Cause No. 2017-80629-A, followed by the docket sheet for the original Cause No. 2017-80629 because the Clerk has not yet filed all of the required pleadings in the newly created severed Cause No. 2017-80629-A, and therefore pleadings to be placed in the severed Cause No. pursuant to the Court's signed Order are attached pursuant to the Index of Matters Being Filed, as filed in the original case.

D. An index of matters being filed, which includes:

    1. Third Party Petition;

    2. Answer filed by TitlePac;

    3. Answer filed by RLI.;

    …

    8. Severance Order signed by the state judge; and,

E. List of counsel of record, with addresses, telephone numbers and parties represented.

## **CONCLUSION**

17. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is one which may be removed to federal district court by RLI pursuant to 28 U.S.C. §§ 1441 and 1446, because the amount in controversy, on information and belief and as set forth above,

exceeds $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists among Valero Title, Inc., TitlePac and RLI.

WHEREFORE, RLI Insurance Company hereby gives notice that this action is removed to the United States District Court for the Southern District of Texas.

    Respectfully submitted,

    **GORDON & REES SCULLY MANSUKHANI**

By:    */s/ Laura De Santos*
       **LAURA E. DE SANTOS**
       **ATTORNEY – IN -CHARGE**
       Texas Bar No. 00793612
       ldesantos@grsm.com
       **MARK W. THAYER**
       Texas Bar No. 19826050
       mthayer@grsm.com
       1900 West Loop South, Suite 1000
       Houston, Texas 77027
       713-961-3366 Telephone
       713-961-3938 Facsimile

**ATTORNEYS FOR THIRD-PARTY DEFENDANT RLI INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on Friday, February 8, 2019, a true and correct copy of this document was filed with the court's ECF, which will automatically send a copy of same to all counsel of record.

    */s/ Laura E. De Santos*
    Laura E. De Santos