United States District Court
Southern District of Texas
**ENTERED**
September 16, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALERO TITLE INC; dba VALERO TITLE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-CV-443 |
| RLI INSURANCE COMPANY, *et al*, | § § § | |
| Defendants. | | |

## ORDER

Before the Court are Defendant TitlePac, Inc.'s Partial Motion to Dismiss (the "Motion") (Doc. #3), Plaintiff's Response (Doc. #8), and Defendant's Reply (Doc. #9). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion.

This dispute arises from the denial of insurance coverage concerning a claim for an alleged loss due to fraudulent wiring instructions for the payoff of a construction loan transaction. Pursuant to its Complaint, in 2017, Valero Title, Inc. ("Valero")—the escrow agent for the transaction—purchased a Crime Protection Policy issued by Defendant RLI Insurance Company ("RLI") through Defendant TitlePac, Inc. ("TitlePac"), acting as broker. Doc. #1, Ex. D at ¶ 6. Prior to the purchase, TitlePac allegedly represented in an email to Valero that the policy covered funds transfer fraud. *Id.* at ¶ 9. Subsequently, Valero and the builder in the construction loan transaction fell victim to a fraudster, who submitted fraudulent wiring instructions to Valero on behalf of the loan transaction lender. *Id.* at ¶ 16. Ultimately, $250,945.31 of the builder were improperly wired per the fraudulent wiring instructions and lost to the fraudster. *Id.*

Following the incident, the builder filed suit in the 157th Judicial District Court of Harris County against Valero. In that state court action, Valero filed a third-party petition against RLI and TitlePac for non-compliance with the Texas Insurance Code, fraud, negligence, fraudulent and/or negligent representation, violations of the Deceptive Trade Practice Act ("DTPA"), breach of contract, unfair settlement practices, breach of duty of good faith and fair dealing, and declaratory relief. Doc. #1, Ex. D. Defendants RLI and TitlePac then severed Valero's third-party petition claims and removed them to this Court based on diversity jurisdiction. Doc. #1.

Now, TitlePac moves for dismissal of the breach of contract claim and all claims related to any violation of the Texas Insurance Code or common law duties owed by insurers because TitlePac was not a party to the policy and is not an insurance company. Doc. #3. Valero does not contest this argument. Doc. #8 at ¶ 11. Accordingly, as to TitlePac, the Court dismisses Valero's Texas Insurance Code violation claims (including the sections titled "Non-Compliance with Insurance Code," "Unfair Settlement Practices," and "Prompt Payment of Claims" in Valero's Complaint), breach of duty claim, and breach of contract claim.

TitlePac also moves to dismiss Valero's DTPA claim, arguing that Valero has failed to allege facts supporting the elements of a DTPA claim. Doc. #8 at ¶ 19. Specifically, TitlePac states that Valero has "fail[ed] to enumerate any specific provisions within the DTPA that TitlePac violated or provide facts to support [Valero's] allegations regarding those violations." *Id.* DTPA claims based in fraud must meet the heightened Federal Rule of Civil Procedure 9(b) pleading standard. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *Ranzy v. Extra Cash of Texas, Inc.*, Civ. A. No. H-09-3334, 2011 WL 6719881, at *5 (S.D. Tex. Dec. 21, 2011). "Pleading fraud with particularity in this circuit requires time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and

what that person obtained thereby. Furthermore, articulating the elements of fraud with particularity requires a plaintiff to explain why the statements that were allegedly made were fraudulent." *Frith*, 9 F. Supp. 2d at 742 (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)) (cleaned up).

Although Valero has pleaded facts sufficient to meet the heightened Rule 9(b) standard in its Complaint, Valero has not done enough to identify the specific provisions of the DTPA that Valero alleges TitlePac has violated and how. *See* Doc. #1, Ex. D at ¶ 48. Accordingly, as to TitlePac, the Court dismisses Valero's DTPA claim without prejudice.

For the foregoing reasons, the Motion is hereby granted. As to Valero's Texas Insurance Code violation claims (including the sections titled "Non-Compliance with Insurance Code," "Unfair Settlement Practices," and "Prompt Payment of Claims" in Valero's Complaint), breach of duty claim, and breach of contract claim, the Motion is GRANTED, and these claims are hereby DISMISSED with prejudice with respect to TitlePac. As to Valero's DTPA claim against TitlePac, the Motion is GRANTED, and the claim is hereby DISMISSED without prejudice to refiling with more particularity to cure the deficiencies outlined above.

It is so ORDERED.

**SEP 1 6 2019**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge